```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

LAWRENCE FREESWICK,

        Plaintiff,

v.                            Case No:  2:20-cv-247-JES-MRM

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____

## OPINION AND ORDER

This matter is before the Court on consideration of Magistrate Judge Mac R. McCoy's Report and Recommendation (Doc. #23), filed on June 16, 2021, recommending that the Decision of the Commissioner be affirmed. Plaintiff filed Objections to the Report and Recommendation (Doc. #25) on June 30, 2021.

**A. ALJ's Findings and Conclusions**

Plaintiff filed an application for a period of disability and disability insurance benefits. Plaintiff was 51 years old, and therefore approaching advanced age as of the alleged onset date. Plaintiff has at least a high school education and he is able to communicate in English. (Doc. #20-2, Tr. 31.) Plaintiff met the insured status requirements of the Social Security Act through

September 30, 2019.  A hearing was held, and a vocational expert appeared and testified.  (Id., Tr. 15, 17.)

The Administrative Law Judge (ALJ) made the following findings of fact and conclusions of law:  At step one, the ALJ found that plaintiff had not engaged in substantial activity since October 2, 2015, the alleged onset date.  At step two, the ALJ found that plaintiff had degenerative disc disease of the cervical and lumbar spine, degenerative joint disease of the left knee, degenerative joint disease of the right shoulder, asthma/COPD, tinnitus, status post traumatic brain injury with residual effects, history of syncope, headaches, ETOH abuse, affective disorder, and personality disorder that significantly limit the ability to perform basic work activities.  (Id., Tr. 17-18.)  At step three, the ALJ concluded that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Id., Tr. 18.)

At step four, the ALJ concluded that plaintiff was unable to perform any past relevant work, and that he had the residual functional capacity (RFC) to perform light work except that he could frequently climb ramps and stairs, but only occasionally climb step ladders up to four vertical feet in height, with no

climbing of higher ladders, or of ropes or scaffolds of any height. (Id., Tr. 21, 30.) The ALJ determined that plaintiff could frequently balance, stoop, kneel, and crouch, but could only occasionally crawl. The ALJ found that plaintiff could frequently reach overhead bilaterally and frequently handle, finger, and feel bilaterally. The ALJ also found that plaintiff could have occasional exposure to wetness, humidity, vibration, and atmospheric conditions but no exposure to moving mechanical parts and high, exposed places. Plaintiff can frequently hear, with exposure up to and including moderate noise, and he can have frequent interactions with supervisors, coworkers, and the public.

At step five, the ALJ concluded that plaintiff was limited to unskilled work, but no production pace work on assembly lines, and only occasional changes to the manner and method of performing the assigned work. (Id., Tr. 21.) The ALJ found there were jobs that existed in significant numbers in the national economy that plaintiff could perform, specifically that plaintiff could perform work as a storage facility rental clerk, shipping and receiving weigher/checker, and mail clerk, non-post office. Transferability of job skills was not material to the determination of disability because the Medical-Vocational Rules supported a finding of "not disabled". (Id., Tr. 31.)

The Appeals Council declined review.  (Id., Tr. 1.)

**B. Standard of Review**

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards.  Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004) (citing Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997)).  Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing Crawford, 363 F.3d at 1158-59).  Even if the evidence preponderates against the Commissioner's findings, the Court must affirm if the decision reached is supported by substantial evidence.  Crawford, 363 F.3d at 1158-59 (citing Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990)).  The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner. Moore, 405 F.3d at 1211 (citing Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983)); Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (citing Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)).  The Court reviews the Commissioner's conclusions of law under a *de novo* standard of review.  Ingram v.

Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1260 (11th Cir. 2007) (citing Martin, 894 F.2d at 1529).

**C. Issues and Magistrate Judge's Recommendations**

Plaintiff raises three issues before the district court: (1) Whether the ALJ properly determined the severity of the impairments at Step 2; (2) whether the RFC assessment should have included the occasional pushing and pulling limitations with the right upper extremity; and (3) whether moderate limitations were properly accounted for.

As to the first issue, plaintiff argued that the ALJ failed to address the discrepancies related to plaintiff's height or to detail the spirometry test. (Doc. #23, pp. 7-8.) The Magistrate Judge noted:

> Specifically, the ALJ stated that Plaintiff "does not show a chronic respiratory disorder due to any cause with (A) FEV1 values that are less than or equal to the value in Table I-A or I-B." (Tr. at 19). Implicit in such a determination is a finding that Plaintiff is less than 68.5 inches tall. (See id.). This finding is supported by substantial evidence because the spirometry report lists Plaintiff's height at 68 inches. (Id. at 457).

(Id., p. 11.) The Magistrate Judge concluded that the ALJ properly implicitly determined that plaintiff's height without shoes is 68 inches. (Id., p. 12.) The Magistrate Judge further found that the mere fact that other evidence of record supports a different


conclusion does not require remand because it is the ALJ's job to evaluate and weigh evidence and resolve any conflicts in the record. The magistrate Judge recommended affirming on the issue. (Id.)

As to the second issue, the Magistrate Judge found that the ALJ did "precisely" as required by determining plaintiff's RFC after considering the medical opinions and stating with particularity the weight given to each and the reasons. The Magistrate Judge found that the ALJ properly gave only partial weight to Dr. Plye's opinion because Dr. Plye "did not fully account for the Plaintiff's degenerative joint disease in his right shoulder and the resultant limitations with the use of his right upper extremity." (Id., p. 16.)

> Moreover, the Undersigned finds that Plaintiff's argument that the ALJ erred by not including Dr. Plye's pushing and pulling limitation lacks merit. (*See* Doc. 22 at 22-24). Indeed, even had the ALJ given great weight to the opinion, the ALJ need not adopt the findings verbatim if he provides a reason for rejecting the limitation.

(Id., p. 17.) The Magistrate Judge concluded that the ALJ sufficiently addressed the recommended limitation on pushing and pulling by stating what weight was given to Dr. Plye's opinion and the ALJ determined an RFC that was not inconsistent with his reasons for giving Dr. Plye's opinion partial weight. (Id., p.

18.)  The Magistrate Judge further found that the ALJ did not err by not including plaintiff's limitation on the ability to push or pull with his right upper extremity, and that the ALJ was not obligated to include such a limitation in his hypothetical to the vocational expert.  (Id., p. 20.)

As to the third issue, that Magistrate Judge found that

> the ALJ did not err in failing to include an explicit reference to the moderate limitation in understanding, remembering, and applying information. Even if the ALJ erred by not discussing the mental impairments on a function-by-function assessment or examine Claimant's nonexertional capacity in terms of work-related functions, *see,* SSR 96-8p, this error would be harmless because the ALJ adequately addressed Plaintiff's mental impairments in the RFC narrative [ ].

(Id., p. 27.)  The Magistrate Judge found that "the medical evidence demonstrates that Plaintiff can perform the work described in the RFC given the limitations to 'unskilled work' and 'only occasional changes to the manner and method of performing the assigned work' despite Plaintiff's moderate limitation in remembering, understanding, and applying information."  (Id., p. 29.)  The Magistrate Judge found that substantial evidence supports the ALJ's determination that Plaintiff can perform his RFC, and that the ALJ sufficiently accounted for plaintiff's

moderate limitation in remembering, understanding, and applying information.  (Id., p. 30.)

### D. Resolution of Objections

#### (1) Issue One

Plaintiff argues that the "record as a whole" demonstrates that plaintiff's height is more than 68 inches, and a single statement in the spirometry report is not substantial evidence. Plaintiff notes that various documents indicate a height between 68.5 and 70.75 inches, as well as plaintiff's own application stating 72 inches.  Plaintiff notes a "huge discrepancy" with the spirometry testing that states plaintiff's height was only 5'8". (Doc. #25, pp. 2-3.)  Additionally, Dr. Gebrail, who performed the spirometry, stated elsewhere that plaintiff's height is 70 inches. Plaintiff argues that the one document with a shorter height, when compared to the whole record, does not constitute substantial evidence to support a finding that plaintiff's impairments do not meet the severity requirements of Listing 3.02A.  The Court agrees that there is not substantial evidence in this record.

Regarding Listing 3.02A, the ALJ found:

> In addition, the claimant's COPD and asthma do not meet or medically equal listing 3.02 (Chronic respiratory disorder) or 3.03 (Asthma) because the evidence, consistent with the findings below, does not show a chronic respiratory disorder due to any cause with (A)

>
> FEVI values that are less than or equal to the value in Table 1-A or 1-B.  The claimant's COPD also did not meet or medically equal listing 3.02 because he did not have (B) FVC values that are less than or equal to the value in Table II-A or II-B.  Additionally, the claimant's COPD did not meet or medically equal listing 3.02 because it did not demonstrate (C) Chronic impairment of gas exchange.  Finally, the claimant's COPD did not meet or medically equal the listing for a chronic respiratory disorder because the evidence, consistent with the findings below, did not demonstrate (D) Exacerbations or complications requiring three hospitalizations within a 12-month period and at least 30 days apart.  With respect to the claimant's asthma, after reviewing the medical evidence of record, the undersigned has determined that this condition failed to meet or medically equal the listing for 3.03 (Asthma), because the record does not show that he has experienced this condition with: (A) an FEB1 less than or equal to the value in Table VI-A or VI-B for age, gender, and height measured within the same 12-month period that she had (B) exacerbations or complications requiring three hospitalizations within a 12-month period and at least 30 days apart.  Accordingly, the undersigned has determined that neither the claimant's COPD or asthma meets or medically equal listing level severity.

(Doc. #20-2, Tr. 19.)  There is no discussion of plaintiff's height or whether the ALJ determined that the height was measured without shoes.  Plaintiff's height is 5 feet 10 inches on the evaluation dated September 20, 2016, by Dr. Gebrail.  (Doc. #20-7, Tr. 454.)  The Abnormal Spirometry Report states a height of 5 feet 8 inches

on the same date. (Id., Tr. 457.) However, in 2014, a height of 72 inches (6 feet) was reported, and in December 2016, the height was listed as 72 inches. (Id., Tr. 430, 501, 506.) The ALJ did not discuss these significant discrepancies. Unlike Seals, there is no checklist indicating that plaintiff was "measured standing without shoes, as is required by the Listing." Seals v. Barnhart, 308 F. Supp. 2d 1241, 1246 (N.D. Ala. 2004). Given the importance of a claimant's height to a determination under Listing 302A, this error requires reversal and remand.

**(2) Issue Two**

Plaintiff argues that the ALJ's discussion of Dr. Pyle's opinion makes it sound like the ALJ believed that the Plaintiff is more limited with the use of the right upper extremity. (Doc. #25, p. 4.) Since the ALJ's RFC assessment limitations are identical to those provided by Dr. Pyle regarding the right shoulder except for the push/pull limitation, plaintiff argues that the ALJ should have provided an explanation as to why the push/pull limitations Dr. Pyle identified do not appear in the RFC assessment. (Id., p. 5.)

On September 20, 2016, Dr. Ayman Gebrail conducted an evaluation and confirmed joint pain the right shoulder with a visible deformity. However, a full range of motion was achieved

to the shoulders bilaterally, with a mild muscle atrophy noted to the right shoulder. (Doc. #20-7, Tr. 448.) Dr. Ayman Gebrail noted that plaintiff may have difficulties with activities that require carrying and lifting. (Id., Tr. 449.) Dr. Gebrail was also given partial weight. On October 6, 2016, at the Initial Disability Determination, Monica Thomason, SDM found that the exertional limitation for push and/or pull was unlimited, "other than shown, for lift and/or carry". (Doc. #20-3, Tr. 97, 98.) On January 30, 2017, at the Reconsideration Level, Dr. Pyle noted an exertional limitation for push and/or pull as limited in upper extremities, "Right". (Doc. #20-3, Tr. 138, 140.) Dr. Pyle found that plaintiff's reaching in any direction including overhead was limited, "right in front and/or laterally Right Overhead." (Id., Tr. 160.)

The ALJ referenced the April 26, 2017, Primary Care Note that "Shoulder not bothering him as much" by that date. (Doc. #20-2, Tr. 25; Doc. #20-9, Tr. 670.) The ALJ found:

> The psychological consultant applied the old standard for evaluating mental disorders in their assessment. However, the opinion of the psychological consultant at the reconsideration level is entitled to partial weight because they applied the new standards and their assessment regarding what the claimant could still do despite his mental impairments is consistent with the overall objective medical evidence of record (Ex. 5A,

>>6A).  Further, the opinion of the medical consultant at the reconsideration level is also entitled to partial weight because it is generally consistent with the claimant's treatment record.  However, the consultant did not fully account for the claimant's degenerative joint disease in his right shoulder and the resultant limitations with the use of his right upper extremity.

(Doc. #20-2, Tr. 29.)  Dr. Pyle's was given partial weight.  In the hypothetical to the vocational expert, the ALJ allowed for "Frequent overhead reaching bilaterally."  (Id., Tr. 80.)  The ALJ did not discuss the discrepancy, or state that it was rejecting Dr. Pyle's opinion and therefore there is not substantial evidence on the record to support the opinion.  The Court finds this warrants reversal and remand.

**(3)  Issue Three**

Plaintiff argues that the ALJ should have included a limitation on detailed work, not a vague limitation of "unskilled work" because all three jobs the ALJ determined could be performed have a reasoning level of 3 and plaintiff struggles with detailed instructions.

The three positions the vocational expert testified that plaintiff could perform were that of storage facility rental clerk, shipping and receiving weigher/checker, and mail clerk, non-post

office. All were described as light, unskilled, and with a specific vocational preparation level of 2. (Doc. 20-2, Tr. 32.)

The hypothetical posed was as follows:

> Q. I want you to assume a hypothetical individual, with the residual functional capacity to perform the full range of light work, as that's defined in the regulations, with the following additional limitations. Frequent climbing of ramps and stairs, but only occasional climbing of step ladders, up to four vertical feet in height, with no climbing of higher ladders or of ropes or scaffolds of any height. Frequent balancing, stooping, kneeling and crouching. Occasional crawling. Frequent overhead reaching bilaterally. Frequent handling, fingering and feeling bilaterally. Occasional exposure to wetness, humidity, vibration and atmospheric conditions. No exposure to moving mechanical parts and high exposed places. Frequent hearing, with exposure up to and including moderate noise. Frequent interactions with supervisors, coworkers and the public. Limited to unskilled work, as defined by SSR 83-10. No production pace work on assembly lines. Occasional changes to the manner and method of performing the assigned work. . . .

(Doc. #20-2, Tr. 80-81.) The ALJ found that plaintiff had a moderate limitation in the area of functioning and the ability to learn, recall, and use information to perform work activities. The ALJ found only a mild limitation when interacting with others. The ALJ also found a moderate limitation with concentration, persistence, or maintaining pace, particularly with sustained

attention. The ALJ found only a mild limitation for adapting or managing oneself. (Id., Tr. 20.) These limitations were not specifically included in the hypothetical. "A 'mild' rating indicates that the claimant's functioning is 'slightly limited;' a rating of 'moderate' indicates a 'fair' limitation." Buckwalter v. Acting Comm'r of Soc. Sec., 5 F.4th 1315, 1325 (11th Cir. 2021) (citation omitted).

"Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time. The job may or may not require considerable strength. For example, we consider jobs unskilled if the primary work duties are handling, feeding, and offbearing (that is, placing or removing materials from machines which are automatic or operated by others), or machine tending, and a person can usually learn to do the job in 30 days, and little specific vocational preparation and judgment are needed. A person does not gain work skills by doing unskilled work." Titles II & XVI: Determining Capability to Do Other Work-the Med.-Vocational Rules of App. 2, SSR 83-10 (S.S.A. 1983).

A reasoning level of 3 means an ability to apply a commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form, and deal with problems involving several concrete variables in or from standardized situations. A

reasoning level 3 includes the ability to read a variety of novels, magazines, safety rules, instructions in the use and maintenance of shop tools and equipment, and methods and procedures in mechanical drawing and layout work. A level 3 can also write reports and essays, as well as speak before an audience using correct English.

In Valdez, the Eleventh Circuit acknowledged that it had not yet decided "whether a limitation to simple, routine, and repetitive work is inconsistent with a job that requires a reasoning level of three." Valdez v. Comm'r of Soc. Sec., 808 F. App'x 1005, 1009 (11th Cir. 2020). However, the Eleventh Circuit did not reach the issue at the time because the ALJ concluded that the claimant could perform two other jobs with a reasoning level of one and two. More recently, the Eleventh Circuit has concluded that there is no apparent conflict between an ability to "understand, carry-out, and remember simple instructions, and the identified positions with a reasoning level of two." Buckwalter v. Acting Comm'r of Soc. Sec., 5 F.4th 1315, 1323 (11th Cir. 2021), withdrawing and superseding Buckwalter v. Acting Comm'r of Soc. Sec., 997 F.3d 1127 (11th Cir. 2021).

"Accordingly, the difference between levels one and two lies in the *length* of the instructions, with level one being limited to

one- or two-step instructions, and level two not being limited in length. This interpretation is confirmed by the description of level three, which lifts the restriction on how complex the instructions can be—allowing for any 'instructions.'" Buckwalter, 5 F.4th at 1323. In this case, no alternatives below a reasoning level of 3 were presented as in Valdez, and therefore the ALJ's decision was not supported by substantial evidence. See, e.g., Estrada v. Barnhart, 417 F. Supp. 2d 1299, 1304 (M.D. Fla. 2006) (remand appropriate to address unresolved conflict between jobs and the DOT's classification of these jobs), compare Johnson v. Comm'r of Soc. Sec., No. 5:14-CV-141-OC-PRL, 2014 WL 12623026, at *5 (M.D. Fla. Sept. 9, 2014) (distinguishing from Estrada because the ALJ proposed two alternatives with lower reasoning levels).

After an independent review, the Court rejects the recommendations in the Report and Recommendation.

Accordingly, it is now

**ORDERED**:

1.  The recommendations in the Report and Recommendation (Doc. #23) are **rejected** by the Court.

2.  Plaintiff's Objections (Doc. #25) are **SUSTAINED**.

3.  The Decision of the Commissioner is hereby reversed and the case is remanded under sentence four of 42 U.S.C. § 405(g) to

the Commissioner of Social Security for further proceedings consistent with this Opinion and Order.

4. The Clerk of the Court shall enter judgment accordingly and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this ___17th___ day of September 2021.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Hon. Mac R. McCoy
U.S. Magistrate Judge

Counsel of Record